**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**

LISA BURCHFIELD,

    *Plaintiff,*

v.

MO BAPTIST HOSPITAL, et al.,

    *Defendants.*

No. 4:25-cv-01765-JMD

**MEMORANDUM AND ORDER**

Lisa Burchfield, a self-represented litigant, sues several hospitals, clinics, and medical providers under 42 U.S.C. § 1983 and the Health Insurance Portability and Accountability Act (HIPAA) in connection with medical care she received.  She also asserts state-law claims for medical negligence and fraud.  Burchfield moves for leave to proceed *in forma pauperis* and for appointment of counsel, ECF 3.  The Court grants Burchfield's motion to proceed *in forma pauperis* and waives prepayment of the filing fee.  But the Court dismisses Burchfield's complaint under 28 U.S.C. § 1915(e)(2)(B) and denies her motion for appointment of counsel as moot.

**Background**

Burchfield sues a number of Missouri hospitals, clinics, and private medical providers, along with their "associated staff."  ECF 1 at 1–2; ECF 1-1 at 1.  She alleges that these providers failed to diagnose and treat her injuries, falsified entries in her medical records, and disclosed her protected health information without consent.  She asserts claims under § 1983 and HIPAA, along with claims under state law for medical negligence and fraud.  She seeks compensatory and punitive damages, injunctive relief, and attorneys' fees and costs.

1

**Standard of Review**

Under § 1915(e)(2), the Court must dismiss a complaint filed *in forma pauperis* if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A complaint is frivolous if it lacks an arguable basis in law or fact. *Martinez v. Turner*, 977 F.2d 421, 423 (8th Cir. 1992). To state a claim for relief, a complaint must plead more than "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

**Analysis**

Burchfield's complaint asserts claims under federal and state law. The Court addresses each claim in turn, liberally construed because Burchfield is *pro se*.

**I.**

Under § 1983, a plaintiff may assert a private cause of action against a person who, acting under color of state law, deprives her of a constitutional or other federal right. *West v. Atkins*, 487 U.S. 42, 48 (1988). Private conduct—even if wrongful—generally does not give rise to § 1983 liability. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936–37 (1982).

Burchfield names only private entities and the "associated staff" of those entities. ECF 1 at 1–2; ECF 1-1 at 1. She does not allege that any defendant is a state actor or that any defendant acted under color of state law. She alleges only that the defendants failed to disclose findings on her imaging studies, falsified entries in her medical records, and discharged her without adequate treatment. *See* ECF 1-1 at 3–7. Even taken as true, these allegations describe private conduct. They do not bring the defendants within the reach of

2

§ 1983.  *See Lugar*, 457 U.S. at 936–37.  Burchfield's invocation of "color of state law," ECF 1-1 at 7, is a legal conclusion the Court need not credit.  *See Iqbal*, 556 U.S. at 678.  Even liberally construed, the complaint does not plead a plausible claim under § 1983.  The Court dismisses this claim under § 1915(e)(2)(B)(ii).

## II.

Burchfield separately asserts that the defendants violated HIPAA by disclosing and discussing her protected health information without her consent.  But HIPAA does not provide a private right of action.  *Dodd v. Jones*, 623 F.3d 563, 569 (8th Cir. 2010).  Burchfield therefore cannot sue the defendants under HIPAA, so the Court dismisses this claim under § 1915(e)(2)(B)(ii).

## III.

Counts II and IV—medical negligence and fraud—arise under Missouri law.  ECF 1-1 at 6–8.  Having dismissed Burchfield's federal claims and finding no independent basis for jurisdiction over her state-law claims, the Court declines to exercise supplemental jurisdiction over Counts II and IV.  *See* 28 U.S.C. § 1367(c)(3); *Hervey v. Cnty. of Koochiching*, 527 F.3d 711, 726–27 (8th Cir. 2008).  The Court dismisses those claims without prejudice.

## IV.

Burchfield asks the Court to appoint counsel or to refer her case for pro bono representation.  Because the Court dismisses Burchfield's complaint, the Court denies her motion for appointment of counsel as moot.

### Conclusion

The Court **GRANTS** Burchfield's motion to proceed *in forma pauperis*, ECF 3.  But the Court **DISMISSES** this action.  § 1915(e)(2)(B).  The federal law claims are dismissed

with prejudice. The state law claims are dismissed without prejudice. And the Court

**DENIES** Burchfield's motion for appointment of counsel, ECF 3, as moot. A separate order

of dismissal accompanies this memorandum and order.


Dated this 29th day of May, 2026


_____

JOSHUA M. DIVINE
UNITED STATES DISTRICT JUDGE
FOR THE EASTERN AND WESTERN
DISTRICTS OF MISSOURI

4